UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH V. D'AMICO, ET AL                    CIVIL ACTION

VERSUS                                       NO. 10-1600

KADANT JOHNSON, INC.                         SECTION "C" (2)

ORDER AND REASONS

This matter comes before the Court on motion to dismiss declaratory judgment action filed by the defendant, Kadant Johnson Inc. Oral argument was held on July 1, 2010, and the matter was taken under advisment. Having considered the record, the memoranda and argument of counsel and the law, the Court has determined that dismissal is appropriate for the following reasons.

The plaintiffs Joseph V. D'Amico ("D'Amico"), Louisiana Steam Equipment, L.L.C. ("Louisiana Steam") and LSE Systems, Inc. ("LSE") (collectively "D'Amico plaintiffs") filed this declaratory action under 28 U.S.C. § 2201 and diversity jurisdiction on May 28, 2010.[1] The plaintiffs seek a declaration that the non-competition clauses in contracts with the defendant be deemed extinguished and that non-solicitation clauses

---

[1] The plaintiffs allegations in Complaint are deficient as to the citizenship of Louisiana Steam, but the Court will assume for present purposes that this party is diverse from the defendant. See *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th cir. 2008).

in contracts between Louisiana Steam and Kadant are extinguished, waived or unenforceable. On June 21, 2010, Kadant filed against D'Amico, Louisiana Steam, Utility Optimization Group, L.L.C. and other unnamed entities in Alabama state court, seeking injunctive relief and damages for violation of non-disclosure, non-competition and non-solicitation clauses in contracts between the parties. The Court was advised at oral argument that this matter was subsequently removed to federal court.

Entertaining a declaratory judgment action is a matter for the district court's sound discretion. *Odeco Oil and Gas Co., Drilling Div. v. Bonnette*, 4 F.3d 401, 404 (5th Cir. 1993). The Declaratory Judgment Act does not expand the jurisdiction of the federal court; requests for declaratory judgments may be heard only in cases that otherwise are within our jurisdiction.[2] *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-672 (1950). Prior to deciding whether to exercise its discretion and allow a declaratory judgement action to be brought, the court must determine if jurisdiction and venue are proper. *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980). If the normal requirements

---

[2] The Declaratory Judgment Act provides in pertinent part as follows: In a case of actual controversy within its jurisdiction ... any court of the United States upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

of federal jurisdiction are present, the court has jurisdiction, even though it may determine that the action is not an appropriate one for declaratory judgment.

"[T]he propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). The federal district court is not required to provide declaratory judgment relief. *Mission Insurance Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983). The Fifth Circuit identified certain factors to be considered by the district court in determining how to exercise its discretion in a declaratory action. Those factors include: (1) whether there is a pending state action in which all of the matters in controversy can be fully litigated; (2) whether the plaintiff filed in anticipation of a lawsuit by the defendant; (3) whether the plaintiff engaged in forum shopping; (4) whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or forum; (5) whether the federal court is a convenient forum for parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construed state judicial decree involving the same parties and entered by the court before whom the parallel suit between the same parties is pending. *The Sherwin-Williams Co. v. Holmes County,* 343 F.3d 383, 389 (5th Cir. 2003)*; Travelers Insurance Co. v. Louisiana Farm Bureau*

*Federation, Inc.*, 996 F.2d 774 (5th Cir. 1993); *see also St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994). These factors are not exhaustive, mandatory or exclusive. *Granite State Insurance Co. v. Tandy Corp.*, 986 F.2d 94 (5th Cir. 1992), *cert. denied*, 506 U.S. 813 (1993). These factors address aspects of the proper allocation of decision making between state and federal law, fairness and efficiency. *Sherwin-Williams*, 343 F.3d at 390-392.

There is no issue that the lawsuit filed in Alabama addresses all issues presented in this declaratory action. The Court also finds that the D'Amico plaintiffs filed in anticipation of the lawsuit by Kadant and to provide a more convenient forum for them. None of the remaining factors weigh in favor of retaining jurisdiction. The lone fact that the Alabama state court action was subsequently removed to federal court does not suffice to persuade the Court to exercise its discretion to entertain this declaratory action. Unlike the situation in *Sherwin-Williams*, no federal questions are raised in this dispute and the Alabama action provides a forum in which all issues between the parties can be litigated.[3]

Accordingly,

IT IS ORDERED that the motion to dismiss declaratory judgment action filed by the defendant Kadant Johnson Inc. is GRANTED. (Rec. Doc. 6).

---

[3] The Court has not been advised if the Alabama matter has been remanded to state court.

New Orleans, Louisiana, this 31st day of August, 2010.

                                                          _____
                                                          HELEN G. BERRIGAN
                                                          UNITED STATES DISTRICT JUDGE